THE GOVERNOR, for use, &c. *vs.* WHITE, et al.

1. An action of debt may well be sustained, jointly against a
   sheriff and his sureties, upon his official bond, for a failure to
   pay over money collected by him; without first establishing
   the liability and default of the sheriff, by a separate suit.
2. In an action of debt against a sheriff and his sureties, on his
   official bond, to recover various monies received by him, and
   not paid over; it is a sufficient assignment of breach, to aver
   a general receipt of the entire amount collected, and fail-
   ure to pay over, without specifying each particular item re-
   ceived.

In this case, an action of debt was instituted in
Pickens County, in the name of the Governor for the
use of Callahan, against White and others, his sure-
ties. The cause of action was the bond of White,
as sheriff of Pickens county; and the action was
brought to recover of the defendants, fees collected
by the sheriff, and which were due to Callahan as
Clerk.

The declaration set forth the bond of the defen-
dants, together with the condition; and averred, for
breach, "that after the making of the said writing
obligatory, and during the time the said White re-
mained in his said office of sheriff, he, the said White,
as the sheriff of said county of Pickens, did under
and by virtue of sundry executions, to him directed
and delivered from the office of the Clerk of the
Circuit Court of said county of Pickens, collect and
receive of sundry persons, a large sum of money, to
wit, the sum of five hundred and twenty-eight dol-
lars, which said sum of five hundred and twenty-

4 s & p.                    56

eight dollars, was and still is due and owing to the said Callahan, for whose use this suit is brought, for his fees as Clerk of the said Circuit Court of Pickens county : and which said sum of five hundred and twenty-eight dollars, so collected and received by the said White, as sheriff, as aforesaid, became and was due and owing from the said White, as sheriff as aforesaid, before the commencement of this suit; and still is in arrear, and unpaid—contrary to the form and effect of the said writing obligatory, and of the said condition thereof: by reason of which said breach of the said condition of the said writing obligatory, the said writing obligatory became forfeited; and whereby an action hath accrued to the said Moore, as Governor of the State of Alabama, to demand, and have of and from the said defendants, the said sum above demanded," (the penalty) &c.

To this declaration, there was a demurrer, which was sustained by the Court : and the plaintiff below took a writ of error.

*Rose,* for the plaintiff in error.

SAFFOLD, J.—The action was debt, in the name of the Governor, for the use of Callahan, against White, as sheriff of Pickens county, and his securities, on his official bond.

The breach assigned in the declaration, is, that said White, as sheriff, had collected, by virtue of sundry executions, of divers persons, a large sum of money, to wit, the sum of five hundred and twenty-eight dollars, which was and still is due to said Cal-

lahan, for his fees as Clerk of the Circuit Court of said county of Pickens.

To this declaration the defendants demurred; and the Court sustained the demurrer, and gave judgment in favor of the defendants.

The judgment on demurrer is the cause assigned for error.

The exceptions taken to the declaration, are understood to be—

1st. That no action was sustainable against the defendants, securities, until the liability of the principal was first fixed, by a separate suit against him, establishing the fact and amount of his default.

2d. That the breach assigned, was too general and indefinite, in not identifying the several executions on which the money claimed is alleged to have been collected.

The doctrine relied on in support of the first exception, is believed to relate mainly, if not exclusively, to proceedings against executors and administrators. Admitting such to be the course of proceeding in Virginia and some of the other States, in relation to executors and administrators; and that in this State, a different mode of proceeding, but one calculated to ascertain the amount due from executors and administrators is required, before suit can be brought on the bonds, against the securities, the remedy against sheriffs and their securities, is not necessarily the same. The various statutes in force in this State, respecting the liability of the latter, breathe a different intent. They authorise joint proceedings in the first instance, against sheriffs and

their securities, even in the summary mode, by motion. The act " to provide for the appointment of County officers, and for other purposes," passed in 1819;[a] by the 18th section thereof, directs, that when any sheriff shall fail to perform the duties required of him, the person aggrieved, may move against such sheriff and his securities in office, for the amount he has failed to pay over, or for failing to return any execution as required by law, upon giving three days" notice of such motion, to the delinquent sheriff or his securities in office.

It is true this was not a proceeding under this statute; but there is other statute authority for the institution of the ordinary action of debt, on the office bond, against the sheriff and his securities, which does not recognise the necessity of a previous suit against the principal alone ; and surely it could not have been the intention of the Legislature, to subject the securities to an original joint responsibility with the principal, when the remedy was sought by motion, and not when by the ordinary action of debt. The latter mode, by giving more time to the defendants for preparation, and a trial by jury, is better calculated to insure justice ; nor can it be supposed, that either the principal or his securities would be less competent to make effectual defence, when jointly sued in the first instance, than in any other mode.

2. As to the objection, that the breach asssigned by the declaration is too general, in not identifying the executions, on which it is alleged the sheriff collected the money, which he refused to pay over, the authorities appear fully satisfactory. It will suffice

[a] Toul.Dig. 676.

to notice but one.  The case of *Hughes* vs. *Smith &*
*Miller*,[a] was an action of debt by a sheriff, against
his under-sheriff and his security, upon an indemni-
fying bond, by the latter to the former.  It stipulated
that if Smith, the under-sheriff, should, in all things,
execute the office aforesaid, during his continuance
therein, according to law, so that the principal should
not be made liable for the payment of any damages
or money, in consequence of any of the acts of his
said under-sheriff, then the obligation to be void.—
The plaintiff assigned for breach of the bond, that
Smith neglected to account and pay to the plaintiff,
or to the several plaintiffs and others, divers sums of
money, amounting to a thousand dollars; but did
not allege on what writs or executions he collected,
or of whom he received the said thousand dollars, or
that he received the same on any execution or other
process whatever, on demurrer.

Chief Justice *Kent*, delivered the opinion of the
Court, and held the assignment sufficient.  He said
such general assignment is now sufficient, in order to
avoid a cumbrous prolixity, upon the record.  His lan-
guage is, "The breach is assigned in the words of the
condition, and the assignment necessarily amounts to
a breach ; and where that is the case, the general rule
is, that the plaintiff may assign the breach generally,
by negativing the words of the covenant ; and were
this assignment bad on special demurrer, certainly it
is good on general demurrer.—See *The Post-master*
vs. *Cochran*,[b] *Shum* vs. *Farrington*, and *Barton* vs.
*Webb*;[c] *Smith et al.* vs. *Janson*.[d]  The rule permit-
ting such general assignment of the breach, by mere-
ly negativing the words of the covenant, is founded

a 5 Johns. R
168

b 2 Johns. R
413
c 1 Boss &
Pul. 646 ; &
Term. Rep
459
d 8 Johns. R
111

not alone on the objection of prolixity, and the inconvenience of specific assignments, containing a description of the various items constituting it, but also on the consideration, that in cases like the present, the particular nature and extent of the default, is presumed to be equally, if not more certainly within the knowledge of the defendant than of the plaintiff.

According to this view of the case, the judgment below must be reversed, and the cause remanded.